## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## GREEN BAY DIVISION

---

Richard J. Anderson

On behalf of Himself and
all others similarly situated

      **Plaintiffs**

      **v.**                       **Case No.**    18-cv-901

Weinert Enterprises Inc.

      **Defendant.**

---

## COMPLAINT

---

Plaintiffs, by their attorneys, for their Complaint against Defendant states as follows:

1.     This is a collective action under the Fair Labor Standards Act, and an individual and class action under Wisconsin law by Plaintiffs, current and former employees of Defendant Weinert Enterprises Inc. ("Weinert"), to seek redress for Weinert's failure to correctly compensate the Plaintiffs for their hours worked on both prevailing wage and non-prevailing wage projects.

### JURISDICTION AND VENUE

2.     This court has subject matter jurisdiction under 29 USC §216(b) and 28 U.S.C. §1331 because Plaintiff alleges violations of the FLSA, 29 U.S.C. §201 et seq.

3.     This Court has supplemental jurisdiction over the Plaintiff's claims brought under Wisconsin law pursuant to 28 U.S.C. §1367 because they are based upon the same nucleus of operative facts, and therefore form the same case or controversy as their FLSA claims.

1

4.    This Court has personal jurisdiction over the Defendant because the Defendant performed a substantial amount of work in this district, and the Plaintiffs' claims arise from the Defendant's performance of work in, and therefore contacts with this district.

5.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claims described herein occurred in this district.

## THE PARTIES

6.    Plaintiffs are adult residents of the State of Wisconsin who were employed by Weinert during the time period on or after June 14, 2018.  A copy of the FLSA and Wisconsin prevailing wage consents signed by Plaintiff Anderson are attached to this complaint

7.    Defendant Weinert is a Wisconsin Corporation with a principal place of business located in Kaukauna, Wisconsin that performs roofing and related work, mostly within the Fox Valley, and thus within the territory covered by the Green Bay Division of the Eastern District of Wisconsin.

8.    Weinert is an employer within the meaning of Wis. Stat. §109.03(1).  Weinert is also an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §203, by, for example, purchasing equipment, materials, and other supplies that were directly or indirectly produced outside Wisconsin, and entering into contracts directly or indirectly with customers located in Minnesota, Wisconsin, and Iowa.   At all relevant times, Weinert has had annual gross volume of business at or above $1,000,000.

## FACTS

9.    When the Plaintiffs travelled between the shop and the jobsite, Weinert would pay for their travel time at a special travel rate of $10.88 per hour; so that Weinert established a custom

2

and practice of counting the Plaintiffs' travel time between the company shop and the jobsite as paid work time. Plaintiffs would receive the same rate of $10.88 per hour for their travel time whether the travel occurred during the first 40 hours of the workweek, or after they had worked 40 hours for the workweek.

10. Plaintiffs would not receive weekly overtime pay unless and until they worked 40 hours plus their paid travel hours during a workweek.

11. Additionally, Plaintiffs sometimes were paid, for their overtime hours worked, at a rate lower than 1.5 times the cash wage that they received for performing the same work, so that they did not receive weekly overtime pay equal to 1.5 times the straight time rate for the same work for each and every one of their hours worked over 40 per week.

12. The Plaintiffs performed the same roofing and related work on both prevailing wage and non-prevailing wage projects, so that any differences between the wages that they received were caused by the type of project that they worked on, rather than the type of work that they were performing.

13. When the Plaintiffs did receive overtime pay during a week when they were paid at more than one pay rate not counting travel time pay, the overtime pay would be computed at a rate no higher than 1.5 times the rate for the type of work performed during overtime hours, rather than 1.5 times the average wage rate that they earned during the workweek.

14. When the Plaintiffs performed work on prevailing wage projects, they sometimes received both cash payments that Weinert would designate as wages, and cash payments that Weinert would designate as a cash fringe.

3

15.     Cash payments designated by Weinert as cash fringe payments would be paid directly to the employee rather than to plan, trust, program, fund, trustee or third person, would not carry with them any restrictions on how the employee can utilize the cash payments, and would be paid by Weinert in exchange for hours of jobsite work performed by the Plaintiffs.

16.     Wienert did not include the cash payments that it designated as cash fringe payments when it computed the Plaintiffs' regular rate for overtime pay.

17.     When the Plaintiffs received daily overtime pay for working over 10 hours per day, Weinert would not include the paid daily overtime hours when computing the Plaintiffs' eligibility for weekly overtime pay, so that during those weeks the Plaintiffs did not receive weekly overtime pay until they worked 40 hours plus their paid daily overtime hours plus their paid travel hours.

18.     For their work on prevailing wage projects, the Plaintiffs were sometimes paid a straight time wage rate that was lower than the hourly basic rate of pay shown on the prevailing wage determination for the project, and/or for the prevailing wage determination for the year and county in which the work was performed, if there was no separate prevailing wage determination for the project.

19.     Even when Weinert did pay overtime for the Plaintiffs' hours worked on prevailing wage projects, the Plaintiffs would receive overtime pay computed as 1.5 times their straight time wage rate for the prevailing wage project, rather than as 1.5 times the higher hourly basic rate of pay for the prevailing wage project.

20.     Named Plaintiff Anderson did not receive any bona fide fringe benefits from Weinert aside from Vacation and Holiday Pay.

4

21.     Whenever Plaintiff Anderson worked on a Wisconsin prevailing wage project for Weinert, he would either perform work that falls within the Wisconsin Department of Workforce Development Occupational Dictionary's description of Roofer work, or would perform work in support of roofer work performed by himself or another member of his crew.

22.     Counting his vacation and holiday pay payments by dividing the amount of the payments by 2,080 hours, the cash fringe payments that Anderson received, and the cash wage payments that Anderson received, Anderson did not always receive the full, legally required hourly prevailing wage rate for his straight time work on Wisconsin prevailing wage projects for Weinert.

23.     For his overtime hours worked on Wisconsin prevailing wage projects Anderson never received overtime premium pay equal to, or greater than ½ of the full hourly prevailing wage rate, minus the per-hour cost of vacation and holiday benefits that he received.

## COLLECTIVE ACTION ALLEGATIONS

24.     Named Plaintiff brings his First Claim for Relief, pursuant to the Fair Labor Standards Act, on his own behalf and on behalf of all other similarly situated current and former Weinert employees who were not paid the correct amount of overtime pay because of Weinert's uniform policies of (1) paying for travel that occurred after 40 hours worked at straight time rather than overtime rates; (2) failing to pay overtime pay for all non-travel work that occurred after the employee had already worked 40 hours for the week; (3) computing overtime pay at 1.5 times the rate for the type of work performed during overtime hours, rather than 1.5 times the higher regular rate earned by the employee during the workweek; and (4) excluding cash payments which it designated as cash fringe payments from the computation of overtime premium pay.

5

25.     The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. §216(b), for prospective members of the FLSA Class that are similarly situated to the Named Plaintiff and have claims that are similar to his first claim for relief.

26.     The claims of the Named Plaintiffs are representative of the claims of members of the FLSA Class in that all members of the class were hourly paid employees of Weinert; and were deprived of overtime pay as a result of Weinert's uniform application of its policies concerning the computation of overtime pay.

## CLASS ALLEGATIONS

27.     Named Plaintiffs seek to represent a class of all employees of Weinert who fall within the following class description, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All employees of the Defendant who worked for Weinert Inc. on jobsites on or after June 14, 2016.

28.     The persons in the class identified above are so numerous that joinder of all members is impracticable.  Upon information and belief, Weinert would employ 20 or more employees at any given time, so that it has employed 40 or more class members during the time period covered by the Wisconsin law claims advanced by this lawsuit.  Class members who are former employees of Weinert are widely scattered, thus making joinder even more impractical.

29.     There are questions of law and fact common to the Wisconsin Unpaid Wage Class (Rule 23 Class) that predominate over any questions solely affecting individual members of the class, including, but not limited to:

(a)     Whether under Wisconsin law overtime pay must be paid for all hours worked over 40 during the workweek;

6

(b).     Whether under Wisconsin law paid daily overtime hours can be excluded when determining the employee's eligibility for weekly overtime pay;

(c).     Whether under Wisconsin law cash payments that the employer designates as cash fringe payments, which are paid directly to the employee in cash, can be excluded from the computation of the employee's overtime premium pay;

(d).     Whether under Wisconsin law overtime pay must be computed as 1.5 times the average straight time wage rate earned by the employee during the workweek, rather than 1.5 times the rate for the type of work performed during overtime hours worked;

(e).     Whether under Wisconsin law prevailing wage overtime pay must equal, at a minimum, 1.5 times the hourly basic rate of pay shown on the prevailing wage determination;

(f).     Appropriate and uniform methodology to compute damages that Weinert owes to members of the class.

30.     Anderson's claims are typical of those of the Wisconsin Unpaid Wage Class in that he was deprived of prevailing wage and non-prevaiilng wage overtime pay as a result of Weinert's uniform application of its methodology for computing said overtime pay.

31.     Named Plaintiffs will fairly and adequately protect the interests of the Wisconsin Unpaid Wage Class and has retained counsel experienced in complex wage and hour litigation.

32.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Defendant's common and uniform policies and practices denied the Wisconsin Unpaid Wage Class the wages for work performed to which they are entitled. The damages suffered by the individual Wisconsin Unpaid Wage Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will permit the Court to resolve predominate legal questions that drive the resolution of this litigation, while obviating the need for unduly duplicative litigation that might result in inconsistent judgments about Weinert's pay practices.

7

## Count I.     Overtime Pay Claim Under the Fair Labor Standards Act.

33.     Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 32 of the Complaint.

34.     The Plaintiffs' travel time between the shop and the jobsite is compensable under the pre-Portal to Portal Act version of the FLSA, so that pursuant to 29 U.S.C. §254(b) such travel time must be counted and treated as time worked under the FLSA, by virtue of an established custom or practice making the travel time compensable.

35.     Alternatively, to the extent the Plaintiffs traveled after they were required by Weinert to report to the company shop or other location to learn their work locations, or if they performed loading or other work prior to or subsequent to such travel, or if they were working while traveling, such travel time must count as time worked even under post-Portal to Portal Act of the FLSA, whether or not actually paid by the employer.

36.     Weinert therefore violated the FLSA by paying the Plaintiffs' compensable travel time at straight time rates, even when said travel occurred after the Plaintiffs had worked 40 hours during the workweek.

37.     Weinert additionally violated the FLSA by failing to count the Plaintiffs' paid travel hours, when computing their eligibility for weekly overtime pay for their non-traveling work.

38.     Weinert cannot use the §207(g)(2) method to compute the Plaintiffs' overtime pay because it sometimes paid the Plaintiffs' hours worked after 40 hours per week at straight time rates, rather than at a rate equal to at least 1.5 times their straight time rates.

39.     Weinert additionally cannot use the §207(g)(2) method to compute the Plaintiffs' overtime pay, other than travel time, because the Plaintiffs performed the same type of work

8

regardless of the pay rate they received, so that no bona fide different rates have ever been established for different types of work.

40.     Weinert therefore violated the FLSA whenever it used the §207(g)(2) method to compute the Plaintiffs' overtime pay, during a workweek when the Plaintiffs would receive more overtime pay if computed as 1.5 times their regular rate of pay.

41.     Because cash payments that Weinert designated as cash fringe payments are paid directly to the employee rather than to a trustee or third person, and are compensation for the Plaintiffs' hours worked, said cash payments should have been included in computing the Plaintiffs' regular rate of pay, so that their exclusion when computing the Plaintiffs' overtime pay violated the FLSA.

42.     Since Weinert did not have any, let alone reasonable grounds for believing that its method of computing overtime pay was in compliance with the FLSA, the plaintiffs are entitled to 100% liquidated damages for all overtime pay that Weinert owed to them.  The Plaintiffs are also entitled to application of the three year statute of limitations for Weinert's willful violations of the FLSA.

43.     The plaintiffs are additionally entitled to their reasonable attorneys fees and costs of bringing their FLSA claims against Weinert.

**Count II.     Claim for Straight Time and Overtime Pay Under Wisconsin Law.**

44.     Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 43 of the Complaint.

45.     By agreeing to pay to the Plaintiffs' some travel time, pay for such travel time become wages within the meaning of Wis. Stat. §109.01(3), so that under Wis. Stat. §109.03(1)

9

and (5) Weinert is obligated to pay such wages to the Plaintiffs, while no provision of Wisconsin law authorizes excluding paid time when computing an employee's eligibility for weekly overtime pay.

46. Alternatively, the Plaintiffs were working during their paid travel time, or their paid travel time formed a part of their continuous workday, so that said paid travel time must count as time worked for the Plaintiffs.

47. Weinert therefore violated DWD §274.03 by paying the Plaintiffs' compensable travel time at straight time rates, even when said travel occurred after the Plaintiffs had worked 40 hours during the workweek.

48. Weinert additionally violated DWD §274.03 by failing to count the Plaintiffs' paid travel hours when computing their eligibility for weekly overtime pay for their non-traveling work.

49. Because DWD §274.04 does not authorize excluding paid daily overtime hours from the Plaintiffs' hours worked, Weinert additionally violated DWD §274.03 by failing to count paid daily overtime hours when determining when the Plaintiffs have reached 40 hours worked for the workweek, and thus became eligible to receive weekly overtime pay.

50. Under DWD §274.03, overtime pay must be computed as 1.5 times a singular "regular rate", which must be computed by dividing all of the employees' straight time wages earned during the workweek by the number of hours he worked during the workweek.

51. Because cash payments that Weinert designates as cash fringe payments were paid directly to the employees, rather than paid to a bona fide fund, plan, program, or trust, the cash fringe payments are not bona fide economic benefits, and therefore cannot be excluded from the employees' regular rate of pay.

10

52.    Weinert therefore violated DWD §274.03 by failing to compute the Plaintiffs' overtime premium pay as ½ of their regular rate, including cash payments that it designated as cash fringe benefits in computing the regular rate.

53.    By violating DWD §274.03 in the manner that it computed the Plaintiffs' overtime pay, Weinert failed to pay to the Plaintiffs all legally owed overtime pay within 31 days of when said overtime pay was earned, in violation of Wis. Stat. §109.03(1).

54.    For Weinert's violations of Wis. Stat. §109.03(1), the Plaintiffs are entitled to maintain a lawsuit under Wis. Stat. §109.03(5), through which they can recover 50% increased damages under Wis. Stat. §109.11(2), plus their actual attorneys' fees and costs pursuant to Wis. Stat. §109.03(6).

**Count III.     Wisconsin Prevailing Wage Claim.**

55.    Plaintiffs reallege, and incorporate by reference, the allegations contained in paragraphs 1- 54 of the Complaint.

56.    Under DWD §290.05, an employer must use the highest among the hourly basic hourly pay shown on the prevailing wage determination, the employee's actual pay rate for non-prevailing wage work, and the hourly basic rate of pay that the employee receives in real life to compute the employee's prevailing wage overtime pay.

57.    Weinert violated DWD §290.05, and therefore the overtime pay provisions of Wisconsin's prevailing wage laws, by computing prevailing wage pay as 1.5 times the employee's cash wage, rather than 1.5 times of the higher rate between the hourly basic rate of pay shown on the prevailing wage determination, and the actual hourly basic rate of pay the employee receives after counting cash payments that Weinert designates as the cash fringe.

11

58.     Weinert additionally violated Wisconsin prevailing wage laws by paying to the Plaintiffs a total package of straight time compensation, after counting cash payments that it designated as cash fringe, and the hourly value of its vacation and holiday contributions, that is lower than the minimum rate required by the prevailing wage determination.

59.     Weinert therefore is required to pay to the Plaintiffs twice the amount of prevailing wages owed to them, plus their attorneys fees and costs of bringing the claim.

60.     Pursuant to Wisconsin prevailing wage laws, all plaintiffs who file the appropriate consent with the Court may join in this claim for unpaid prevailing wages.

WHEREFORE, the Plaintiffs respectfully request the Court to enter an order that:

1.     Finds that Weinert is liable to the plaintiffs for all unpaid overtime pay, 100% liquidated damages, and attorneys fees and costs arising out of the Plaintiffs' claims under the Fair Labor Standards Act;

2.     Finds that Weinert is liable to the Plaintiffs for all unpaid straight time and overtime wages that they are owed under Wisconsin law, plus 50% increased damages, and their attorneys fees and costs arising out of the Plaintiffs' claims under Wisconsin law;

3.     Finds that Weinert is liable to the Plaintiffs for all prevailing wages owed, plus 100% increased damages, and their attorneys fees and costs arising out of the Wisconsin prevailing wage laws;

4.     Grants to the Plaintiffs such other and further relief as the Court deems just and proper.

Dated this 14th day of June, 2018.

/s/Yingtao Ho
Yingtao Ho

12

yh@previant.com
Wis.  Bar #1045418
Attorney for Plaintiffs
The Previant Law Firm S.C.
1555 North RiverCenter Drive, Suite 202
P. O. Box 12993
Milwaukee, WI  53212
Telephone: 414-271-4500
Fax: 414/271-6308

13