UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RICHARD J. ANDERSON,
on behalf of himself and
all others similarly situated,

        Plaintiff,

  v.                                      Case No. 18-C-901

WEINERT ENTERPRISES, INC.,

        Defendant.

---

**DECISION AND ORDER**

---

      Plaintiff Richard Anderson brought this wage-and-hour collective and putative class action on behalf of himself and similarly situated current and former hourly employees of the defendant, Weinert Enterprises, Inc. Anderson alleges in his first amended complaint that Weinert violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and Wisconsin's wage law, Wis. Stat. § 109.01, *et seq.* Specifically, Anderson alleges Weinert violated the FLSA by paying straight time rates for travel time between the shop and the job site and for failing to count such travel time when calculating an employee's eligibility for weekly overtime pay, as well as failing to account for cash bonuses and cash fringe benefits when calculating employees' base rates of pay to determine overtime pay. Anderson alleges Weinert violated Wisconsin law by paying travel time at straight time rates even when the travel occurred after 40 hours, failing to count paid travel hours when computing overtime pay for non-traveling work, failing to count paid daily overtime hours toward the weekly overtime threshold of 40 hours, improperly computing overtime based on the type of work performed during overtime hours rather than based on the regular rate, and failing to account

for bonuses and cash fringe benefits when calculating an employee's regular rate. The court has jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331, and over the state law claims pursuant to 28 U.S.C. § 1367.

The court previously approved the parties' stipulation for conditional certification of an FLSA collective action. Dkt. No. 17. On April 30, 2019, the deadline for Anderson to file a motion for class certification and Weinert to file a motion to decertify the FLSA collective action, Anderson filed a motion for Rule 23 class certification of the state law claims and Weinert filed a motion to strike the untimely opt-in consents of two individuals as well as a motion to decertify the FLSA collective action. Rather than file a response in opposition to Weinert's motions, Anderson submitted a motion for leave to file a second amended complaint that seeks, among other things, to abandon the collective action and add the three individuals who submitted consents as additional named plaintiffs. For the reasons that follow, Anderson's motion for class certification will be denied, his motion for leave to amend the complaint will be granted, and Weinert's motions will be denied as moot.

## BACKGROUND

Weinert is an industrial and commercial roofing contractor operating in northeastern Wisconsin that contracts with public and private entities for repair, maintenance, and installation of roofing systems. Some of the public projects Weinert worked on were subject to prevailing wage and benefits rates that are determined by the State of Wisconsin. After January 1, 2017, Weinert did not take on any new prevailing wage projects, and employees hired in 2018 never worked on those types of projects. The roofing work Weinert performs is seasonal and work typically begins in March of each year.

Weinert employees are not required to report to the company's shop before reporting to the job site. If employees drive directly from their homes to a job site, they are not paid for that travel time. But employees do have the option to carpool from the company's shop to a job site by riding in a company vehicle, and if an employee carpools in a company vehicle, Weinert pays the employee for the time spent traveling. Time spent on work performed at the shop prior to arriving at the job site would be added to the job site time. All travel time was paid at a rate equal to 1½ times the minimum wage rate of $7.25. Weinert does not pay overtime to an employee until the employee has worked more than 40 hours of non-travel time during the week.

## ANALYSIS

### A. Motion to Certify State Law Claims Under Rule 23

Anderson seeks to certify a class consisting of "[a]ll hourly employees who worked on the jobsite for the Defendant on or after June 14, 2016." Dkt. No. 23 at 1. However, Anderson does not seek to certify the class as to all of his state law claims. Instead, class certification would be limited to the following two claims: (1) that Weinert failed to count paid travel hours when computing overtime pay for non-traveling work; and (2) that Weinert improperly computed overtime based on the type of work performed during overtime hours rather than based on the regular, or a blended, rate.

"Because a class action is an exception to the usual rule that only a named party before the court can have her claims adjudicated, the class representative must be part of the class and possess the same interest and suffer the same injury." *Bell v. PNC Bank, Nat'l Ass'n*, 800 F.3d 360, 373 (7th Cir. 2015) (citing *Wal-Mart Stores v. Dukes*, 564 U.S. 338, 348 (2011); *Chi. Teachers Union, Local No. 1 v. Bd. of Educ. of City of Chicago*, 797 F.3d 426, 432–33 (7th Cir. 2015)). To obtain certification, the "proposed class must satisfy the requirements of Rule 23(a), as well as one of the

three alternatives in Rule 23(b)." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012) (citing *Siegel v. Shell Oil Co.*, 612 F.3d 932, 935 (7th Cir. 2010)).

"The general gate-keeping function of Federal Rule 23(a) ensures that a class format is an appropriate procedure for adjudicating a particular claim . . . ." *Bell*, 800 F.3d at 373. Rule 23(a) imposes four requirements that must be satisfied: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a). "In conducting this analysis, the court should not turn the class certification proceedings into a dress rehearsal for the trial on the merits." *Messner*, 669 F.3d at 811. Nevertheless, "a court may not simply assume the truth of the matters as asserted by the plaintiff. If there are material factual disputes, the court must 'receive evidence . . . and resolve the disputes before deciding whether to certify the class.'" *Id.* (quoting *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001)). The plaintiff bears the burden of showing that a proposed class satisfies Rule 23's requirements by a preponderance of the evidence. *Id.*

Under Rule 23(a)(1), the plaintiff must show that "the class is so numerous that joinder of all members is impracticable." The Seventh Circuit has recognized that classes consisting of as few as forty members could satisfy numerosity. *See Pruitt v. City of Chicago*, 472 F.3d 925, 926–27 (7th Cir. 2006); *In re Modafinil Antitrust Litig.*, 837 F.3d 238, 250 (3d Cir. 2016), as amended (Sept. 29, 2016) ("Leading treatises have collected cases and recognized the general rule that '[a] class of 20 or fewer is usually insufficiently numerous . . . [a] class of 41 or more is usually sufficiently numerous . . . [while] [c]lasses with between 21 and 40 members are given varying treatment.'" (quoting 5 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 23.22)). "When the number of proposed class members is relatively small, it is less reasonable to infer in the absence of evidence that joinder is impractical." *De Leon v. Grade A Constr., Inc.*, No.

4

16-CV-348-JDP, 2017 WL 6375821, at *2 (W.D. Wis. Dec. 13, 2017). "A variety of factors, including the nature of the action, the size of the individual claims, and the location of the members of the class or the property that is the subject matter of the dispute may contribute to the court's decision under Rule 23(a)(1) in a given case." 7A FEDERAL PRACTICE & PROCEDURE § 1762 *Joinder of All Class Members Must Be Impracticable* (3d ed.).

The current putative class stands at 37 employees. One class member lives in North Carolina, another in Georgetown, Illinois, and the remaining class members live in an approximately 50 mile geographic radius in counties that are within the jurisdiction of the Eastern District of Wisconsin. Anderson contends that the actual number of employees in the class will be over 40 by the time the court decides the motion for class certification due to the likelihood of new hires given the seasonal nature of roofing work. Weinert hired 8 new hourly job site employees in 2016, 12 in 2017, and 9 in 2018. But because Anderson is not seeking injunctive relief, "any certified class could not include future employees." *De Leon*, 2017 WL 6375821, at *3. Including future employees in the putative class would require improper reliance on speculation that any future employees are subject to the same policies at issue here, that Weinert has not altered or changed its policies in response to litigation, and that the future employees have experienced the same type of harm based upon the same theory of liability as asserted by Anderson. *See Ocampo v. GC Servs. Ltd. P'ship*, No. 16-CV-9388, 2018 WL 6198464, at *4 (N.D. Ill. Nov. 28, 2018) ("estimates 'may not be based on pure speculation.'" (quoting *Murray v. E*Trade Fin. Corp.*, 240 F.R.D. 392, 396 (N.D. Ill. 2006))). In short, the court will only consider those 37 employees who worked during the time period between June 14, 2016 and the end of 2018 in analyzing the numerosity requirement.

Although there are 37 employees in the proposed class, the actual number of participants would likely be smaller as evidenced by the fact that only three employees consented to joining the FLSA collective action. *See De Leon*, 2017 WL 6375821, at *2 (noting that "interest in joining the class appears to be weak, suggesting that the actual number of class members may be significantly fewer than 20. Only three employees other than Ramirez have consented to join the FLSA claim, Dkts. 83–85, which raises the same issue about banking as the state law claim."); *see also Franklin Container Corp. v. Int'l Paper Co.*, No. 77-3204, 1982 WL 1958, at *2 (E.D. Pa. May 12, 1982) ("Given the overwhelming lack of interest in this litigation shown by members of the potential class, I believe plaintiffs have failed to establish that the class is so numerous that joinder of all members is impracticable."). In addition, Anderson "does not allege that it would be difficult to locate and contact each potential plaintiff to ask whether he or she would be interested in joining the case." *De Leon*, 2017 WL 6375821, at *2; *B.N. ex rel. A.N. v. Murphy*, No. 3:09-CV-199-TLS, 2011 WL 4496510, at *7 (N.D. Ind. Sept. 27, 2011) (stating that joining other members of an alleged class "should not be burdensome" when all of the potential plaintiffs are known to the named plaintiff). Nor could he, as Anderson already has all of their addresses. Dkt. Nos. 25-1, 25-2. Although two of the potential plaintiffs live outside of Wisconsin, the remaining members are clustered within a 50-mile radius in the Eastern District of Wisconsin. In other words, this is not the type of geographic diversity that renders joinder impracticable. *See Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (geographic diversity controlling when class members lived in nine states); *Markham v. White*, 171 F.R.D. 217, 221 (N.D. Ill. 1997) (geographic diversity found when class members resided in five different states and few resided in the same district).

Anderson contends that joinder will be impractical because the amount of damages for each individual claim would be limited. He asserts that "even during a workweek with a substantial

amount of paid travel time and involving higher prevailing wage pay, damages for Anderson were under $60 even if overtime premiums paid for travel time cannot be offset from weekly overtime pay owed." Dkt. No. 23 at 8. Anderson also contends that even damages ranging from "hundreds and a few thousand dollars" for those 20 class members who worked for Weinert for longer than a year would not be enough to justify an individual bringing an individual federal lawsuit. *Id.* at 17. But "financial ability is only one factor the Court must consider," *Murphy*, 2011 WL 4496510, at *7, and this argument has less weight, given the fact that, under the FLSA, prevailing plaintiffs are entitled to actual attorney's fees and costs of litigation. 29 U.S.C. § 216(b). Anderson has failed to present evidence that the claim for each of the class members is so minimal that no attorney would be interested in representing them. "The question under Rule 23(a)(1) is not whether it makes sense for injured parties to combine their claims rather than litigate them individually; the question is whether plaintiffs can combine their claims through joinder rather than through class certification." *De Leon*, 2017 WL 6375821, at *3. Here, Anderson has failed to meet his burden of establishing that combining the claims through joinder would be impracticable. Consequently, he has failed to satisfy Rule 23(a)'s numerosity requirement, precluding certification of the class. Accordingly, Anderson's motion for class certification will be denied.

**B.     Motion to Amend Complaint**

Anderson filed a motion for leave to file a second amended complaint (SAC) in lieu of filing a response brief to Weinert's motions to strike untimely opt-ins and to decertify the FLSA collective action. The SAC seeks to, among other things, add Joseph Young, Evin Chaulkin, and Michael Herter as named plaintiffs. The three new potential plaintiffs are the only individuals who consented to opt in to the FLSA collective action. Dkt. Nos. 18–20. The SAC also seeks to convert the collective FLSA action into an individual FLSA action.

7

As an initial matter, Weinert contends that the court should apply the heightened good-cause standard of Rule 16 to Anderson's motion to amend because the motion was filed after the deadline for motions to amend. Under Rule 16, "[a] schedule may be modified only for good cause with the judge's consent." Fed. R. Civ. P. 16(b)(4). But the court's scheduling order in this case clearly states that Rule 15 applies to any amendment to the pleadings filed after October 15, 2018. *See* Dkt. No. 11 at ¶ 2 ("Amendments to the pleadings may be filed without leave of court on or before October 15, 2018. Fed. R. Civ. P. 15 will apply to any amendment filed after that date."). Moreover, the court did not set a deadline for amending pleadings without showing good cause or indicate that the parties would be subject to Rule 16's standard after that deadline passes. Consequently, Rule 15 governs Anderson's motion to amend. *Sanchelima Int'l, Inc. v. Walker Stainless Equip. Co., LLC*, No. 16-CV-644-JDP, 2017 WL 3499350, at *1 (W.D. Wis. Apr. 17, 2017) (holding that where the court set a deadline for amending pleadings without leave but not a deadline for amending pleadings without good cause, "Rule 15(a)(2), not Rule 16(b)(4), governs").

Under Rule 15, after the time has expired for a party to amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Supreme Court has interpreted this rule to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357–58 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Weinert asserts that Anderson unduly delayed seeking leave to amend his pleading with facts and information learned from Weinert's November 7, 2018 deposition and to add plaintiffs after the January 21, 2019 deadline for consenting to the FLSA collective action. "[D]elay by itself is

8

normally an insufficient reason to deny a motion for leave to amend. Delay must be coupled with some other reason . . . [t]ypically . . . prejudice to the non-moving party." *Id.* at 358. Weinert contends that it has been prejudiced because the motion to amend was filed the same day Weinert filed its response to Anderson's motion for class certification and it had already filed its motion to decertify the FLSA collective action. But Weinert has not actually suffered prejudice since Anderson's motion for class certification has been denied and the SAC removes the FLSA collective action claims. Consequently, the court finds no reason under Rule 15 to deny Anderson leave to amend on this basis.

Weinert further asserts that the motion should be denied because Anderson has not established that joinder is improper under Rule 20. "Multiple plaintiffs may join [a lawsuit pursuant to Rule 20] if they assert a 'right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences' and a 'question of law or fact common to all plaintiffs will arise in the action.'" *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) (quoting Fed. R. Civ. P. 20(a)(1)). "Courts interpret the term 'single transaction or occurrence' as including 'a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.'" *White v. Coventry Health Care, Inc.*, No. 17-CV-01242, 2018 WL 1469025, at *2 (N.D. Ill. Mar. 26, 2018) (quoting *Lozada v. City of Chicago*, No. 10-cv-01019, 2010 WL 3487952, at *2 (N.D. Ill. Aug. 30, 2010)).

Weinert contends that joinder is not appropriate because Anderson has essentially admitted that he cannot satisfy the similarly situated standard under § 216(b) of the FLSA given the fact that he is seeking to amend his pleadings to convert the collective FLSA action into an individual FLSA action. But Anderson seeks to pursue an individual FLSA action not because he believes the

9

plaintiffs are not similarly situated, but because the proposed collective action was small enough to make joinder feasible. Weinert further argues that Anderson cannot satisfy Rule 20's more stringent "same transaction or occurrence" standard. "Although the Seventh Circuit has never addressed the relationship between Rule 20 and § 216(b), other courts to consider the issue have held that Rule 20's 'same transaction or occurrence' standard is more stringent than § 216(b)'s 'similarly situated' standard." *Abraham v. Grp. O, Inc.*, No. 16 C 11642, 2018 WL 620034, at *5 (N.D. Ill. Jan. 30, 2018).

Here, the allegations of the SAC satisfy Rule 20's requirements. Anderson alleges that Weinert violated the FLSA by failing to count the plaintiffs' travel time when determining their eligibility for overtime pay and instead paid overtime only when the plaintiffs worked 40 hours during a work week not counting paid travel time. SAC, Dkt. No. 33-1 at ¶¶ 10, 34. Anderson has presented evidence that Young and Chaulkin would have received more overtime pay had their travel time been counted as hours worked towards the weekly overtime threshold. *See* Dkt. No. 32-2 at 2. Anderson also submitted a payroll summary showing Herter received job site overtime pay and travel pay each quarter, suggesting that Herter would likely have received more overtime pay as well. Weinert contends that Anderson has not presented enough information to support the claims as to the other plaintiffs. But Rule 20, by its plain language, allows for joinder based on *allegations* arising out of the same transaction, occurrence, or series of transactions, and does not require definitive evidence at the pleadings stage. Here, Anderson's allegations are plausible based on the payroll records presented.

Weinert also asserts that Anderson cannot establish that there are common questions as to all of the claims in the SAC. In particular, Weinert argues that the claims regarding the overtime rate calculations and the foremen's bonus or foremen's pay do not apply to all plaintiffs. However,

10

"[t]he common question need not predominate; that's a requirement for class actions, not for permissive joinder." *Lee v. Cook Cty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011). Thus, the fact that not all claims apply to all plaintiffs does not render joinder impermissible when the claims arise out of the same occurrence. While individual inquiry may be required to ascertain damages for a particular plaintiff, whether Weinert violated the FLSA by failing to count the plaintiffs' travel time when determining their eligibility for overtime pay presents a common question of law. Therefore, the requirements of Rule 20 have been satisfied, and joinder is appropriate.

Finally, Weinert requests (1) an award of its costs and attorney's fees incurred in challenging the FLSA certification and the untimeliness of the two opt-in plaintiffs and (2) that the court hold the date of entry into the lawsuit of the newly added plaintiffs as the date of the court's order rather than the date they consented to join the lawsuit. As an initial matter, an award of costs and attorney's fees is not warranted because Anderson's motion for leave to amend his complaint in response to Weinert's motions to decertify was reasonable.

As to the entry date for the newly added plaintiffs, the "'central underlying question which a court must decide when determining whether a claim asserted by a new plaintiff shall relate back to the time of the original plaintiff's claim is whether the defendant had such notice of the added claim at the time the action was commenced that relation back of the added claim will not cause defendant undue prejudice.'" *Emerus Hosp. v. Health Care Serv. Corp.*, No. 13 C 8906, 2016 WL 946916, at *6 (N.D. Ill. Mar. 14, 2016) (quoting *Olech v. Vill. of Willowbrook*, 138 F. Supp. 2d 1036, 1044 (N.D. Ill. 2000)). Here, Weinert had notice of the additional plaintiffs' claims because the action was originally filed as a collective FLSA action and the plaintiffs' claims arise out of the same actions that gave rise to Anderson's claims. Consequently, their claims relate back to the filing of the original complaint.

11

## CONCLUSION

For the foregoing reasons, Anderson's motion for class certification as to the state law claims (Dkt. No. 22) is **DENIED**. Anderson's motion for leave to file a second amended complaint (Dkt. No. 33) is **GRANTED**. Weinert shall file its answer or otherwise respond within twenty-one days of the date of this order. The Clerk is directed to detach and file the second amended complaint that is attached to Anderson's motion and to add Joseph Young, Evin Chaulkin, and Michael Herter as plaintiffs. Weinert's motion to strike untimely opt-ins (Dkt. No. 26) and motion to decertify the FLSA collective action (Dkt. No. 29) are **DENIED as moot**. The Clerk shall set this matter for a telephone conference to address further proceedings once Weinert has filed its answer to the second amended complaint.

**SO ORDERED** this  23rd  day of August, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court